**HYUNDAI MOTOR AMERICA**

v.

**J.R. HUERTA HYUNDAI, INC., et al.**

**NISSAN MOTOR CORP.**

v.

**ROYAL NISSAN, INC., et al.**

Civ. A. Nos. 90–4327, 91–755.

United States District Court,
E.D. Louisiana.

April 5, 1991.

Philip Kirkpatrick Jones, Jr., Cheryl V. Cunningham, Liskow & Lewis, and Anthony J. Rollo, Jr., Winnie M. D'Angelo, Susan R. Laporte, McGlinchey, Stafford, Cellini & Lang, New Orleans, La., and Maurice Sanchez, Fountain Valley, Cal., for Hyundai Motor America, plaintiff.

Philip Kirkpatrick Jones, Jr., Cheryl V. Cunningham, Liskow & Lewis, New Orleans, La., and Kevin A. Russell, William W. Davis, Latham & Watkins, Chicago, Ill., for Nissan Motor Corp., plaintiff.

Edmond W. Shows, William A. Morvant, Shows, Cohn & Cali, Baton Rouge, La., Adrian Frank LaPeyronnie, III, Henry G. Sullivan, Jr., McCranie, Sullivan & Capella, Lisa Miley Geary, Campbell, McCranie, Sistrunk, Anzelmo & Hardy, Metairie, La., for defendants.

## ORDER AND REASONS

MENTZ, District Judge.

Before the court are two motions filed by defendants Royal Nissan (Royal) and Diamond Motors (Diamond). The defendants have moved the court to alter or amend the order granting the preliminary injunction to omit reference to the defendants Royal and Diamond. The defendants have also filed a motion to dismiss for failure to state a claim upon which relief can be granted, lack of jurisdiction over the subject matter, and failure to join a party under Rule 19. Alternatively, the defendants move the court to order a more definite statement from the plaintiffs.

Nissan Motor Corporation in U.S.A. (Nissan) has filed suit for a permanent injunction, barring the Commissioners of the Louisiana Motor Vehicle Commission (the Commission) from hearing the dispute between Nissan and its dealers. Nissan claims that if the Commissioners were allowed to hear the dispute, it would be deprived of its due process rights in violation of 42 U.S.C. section 1983. Nissan also seeks a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. sections 2201–2202, against Royal and Diamond on the same issues raised by Royal and Diamond in their petition before the Commission.

## I. MOTION TO AMEND

The court grants the order to amend the preliminary injunction to omit any reference to Royal and Diamond. In this court's Order and Reasons granting the motion for a preliminary injunction, the court clearly limited its decision to the members of the Louisiana Motor Vehicle Commission. The language in the order granting the preliminary injunction mistakenly included language enjoining Royal and Diamond.

## II. MOTION TO DISMISS

■ The defendants first move to dismiss the claims against them because Nissan has not stated a claim against them upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The defendants claim that the only claim against them in premised on 42 U.S.C. section 1983, which applies solely to state actors.

The court agrees that if the section 1983 were the basis for Nissan's claims against Royal and Diamond, the claim would have to be dismissed. Neither Royal nor Diamond are state actors as required by section 1983. However, Royal and Diamond were made defendants under the Declaratory Judgment Act, 28 U.S.C. sections 2201–2202, not under section 1983. Nissan has requested the court to decide the issues raised by Royal and Diamond in their petition before the Commission. The motion to dismiss based on Rule 12(b)(6) will be denied.

■ The defendants also allege that the claim against them should be dismissed for lack of subject matter. The Declaratory Judgment Act issue is before this court based on diversity of the parties. Nissan and the defendants are completely diverse and the claim is in excess of $50,000. The defendants imply that because Nissan has not indicated what part of its request for monetary damages is attributable to the section 1983 action and what part to the Declaratory Judgment Act claim, the $50,000 jurisdictional amount may not be met. This is a specious argument. In a section 1983 suit, monetary damages would be not allowed against state officials sued in their official capacities. *Will v. Michigan,* 491 U.S. 58, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). A suit against the official's office is no different from a suit against the state and as such is barred under the Eleventh Amendment. *Id.* (citing *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985)). The only action permitted against a state official in his official capacity is a suit for prospective injunctive relief. *Id.* at n. 10. It is certainly clear to this court that any entitlement to monetary relief would stem from the request for declaratory relief.

■ The defendants also claim that this court does not have subject matter jurisdiction because Price LeBlanc, Inc., as Nissan's potential new dealer in Gonzales, should be joined as an indispensable party

pursuant to Federal Rule of Civil Procedure 19(a). Rule 19(a) requires the joinder of a party is (1) complete relief could not be afforded without the party or (2) the person has an interest in the proceeding. Fed. R.Civ.Proc. 19(a).

Although Price LeBlanc may be affected by the outcome of this litigation, the court does not find that it is an indispensable party. The action before this court is one to determine whether Nissan's establishment of a new dealership constitutes an unfair act to Royal and Diamond, unfairly cancels their franchise agreements, or violates sections 32:1251, 1254(N)(6)(b)–(c), or other sections of the Distribution and Sale of Motor Vehicles Act. La.Rev.Stat. sections 32:1251–1259 (West 1989 & Supp. 1991).

As Nissan states in its opposition memorandum, the identity of the potential new dealer is irrelevant in determining Nissan's rights relative to Royal and Diamond. The court can provide full relief to all parties in this suit without the participation of Price LeBlanc. Furthermore, Price LeBlanc does not have an interest in the outcome as contemplated by Rule 19(a). As the Fifth Circuit stated in *Shelton v. Exxon Corp.,* 843 F.2d 212, 218 (5th Cir.1988), "it is obvious that Rule 19 does not contemplate joinder of any party who might possibly be affected by a judgment in any way." Price LeBlanc and Nissan have only a non-operational letter of commitment that specifically disallows Price LeBlanc and Nissan from entering a Nissan Dealer Sales and Service Agreement if Nissan is enjoined by a court from doing so. Until Nissan's right to establish a new dealership is determined, Price LeBlanc has no legally protected interest that would require joinder.

The defendants also raise the question of abstention. The defendants question whether this court should exercise subject matter jurisdiction over the declaratory judgment. The court finds that this argument is meritless. If the Commission is found to be biased, the court will not abstain from hearing the dispute for the same reasons discussed in this court's Order and Reasons granting the plaintiff's motion for preliminary injunction. If the Commission is found to be unbiased, the court would in all likelihood order the parties to proceed in front of the Commission. However, it is premature to consider this option.

The defendants also made a request that Nissan be ordered to clarify its complaint. According to Nissan, it has already filed an amending complaint.

Accordingly,

IT IS ORDERED that the defendants' Royal Nissan and Diamond Motors motion to amend the preliminary injunction order be GRANTED and that all reference to Royal Nissan and Diamond Motors be STRICKEN from that order.

IT IS FURTHER ORDERED that the defendants' Royal Nissan and Diamond Motors motion to dismiss and in the alternative to clarify be DENIED. The hearing on these motions is CANCELED.